IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EMILY E. TORBETT,

    Plaintiff,

v.                                    Civil Action No. 5:15CV142
                                              (STAMP)
PIKE ELECTRIC, LLC,
a foreign limited
liability company
and JAMES A. DILLON,
individually,

    Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.   Background

The plaintiff originally filed her complaint in the Circuit Court of Ohio County, West Virginia. ECF No. 1. The plaintiff is a citizen of West Virginia. Defendant Pike Electric, LLC ("Pike Electric") is a limited liability company that maintains its principal place of business in North Carolina. Defendant James A. Dillon ("Dillon"), allegedly an employee of Pike Electric, is a citizen of Ohio. According to the complaint, Dillon and the plaintiff were in a car accident while Dillon was acting as an employee of Pike Electric. Due to Dillon's negligence, the plaintiff claims she suffered serious injuries and incurred significant medical costs. She seeks compensatory damages, attorney's fees, and all other relief the Court deems proper.

The defendants removed this action, to which the plaintiff timely filed this motion to remand. ECF No. 4. The plaintiff argues that the defendants have failed to satisfy the amount in controversy requirement. The plaintiff points out that under her ad damnum clause of the complaint, she requests an award determined by the jury or court. Because she did not specifically plead that damages exceed $75,000.00, the burden rests on the defendants to satisfy the amount in controversy requirement. The plaintiff also asserts that the defendants have not offered a settlement that satisfies the amount requirement. The plaintiff believes that unless the "defendants admit owing the plaintiff a minimum of $75,000," they fail to satisfy their burden. For those reasons, the plaintiff believes the amount in controversy requirement remains unsatisfied, and therefore, seeks to remand this civil action.

The defendants filed a response in opposition. ECF No. 5. The defendants first argue that pre-litigation settlement negotiations "are not the standard for determining the amount in controversy." The defendants then contend that the plaintiff cites no authority in support of her arguments regarding settlement negotiations and admissions by the defendants. Next, the defendants turn to why the amount in controversy is satisfied. They point out that the plaintiff alleges the following: (1) she received medical treatment for over 2.5 years for her injuries; (2)

she suffered injuries to her head, jaw, neck, shoulders, back, arms, legs and body chemistry; (3) she incurred lost wages and will continue do so for the foreseeable future; and (4) many of her injuries are permanent.  The defendants then argue that assuming the plaintiff made minimum wage, her lost wages for the past 2.5 years alone would exceed $75,000.00.  Based on the allegations of the complaint, the defendants believe that the amount in controversy is easily satisfied.  The plaintiff did not file a reply.

For the reasons set forth below, the plaintiff' motion to remand is GRANTED.

## II.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought."  Tomlin v. Office of Law Enforcement Tech.

Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)). Regarding punitive

damages, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2 (citing Landmark Corp. v. Apogee Coal Company, 945 F. Supp. 932 (S.D. W. Va. 1996)).

### III. Discussion

The facts show that the plaintiff is a citizen of West Virginia. Pike Electric maintains its principal place of business in North Carolina, and Dillon is a citizen of Ohio. Based on those facts, the parties are diverse. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441.

Based on the record before this Court, the plaintiff's motion to remand must be granted. The defendants fail to demonstrate that the amount in controversy requirement has been satisfied. In their response in opposition, the defendants rely on the plaintiff's allegations about her serious injuries. Further, the defendants provide an estimate of the plaintiff's lost wages during her recovery. Thus, the defendant argues that when one considers the compensatory damages that the plaintiff seeks as well as what the plaintiff may receive if successful, then the amount in controversy requirement is satisfied. That calculation, however, fails to satisfy the defendants' burden.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the

record at the time of removal. See Lowrey, 483 F.3d at 1213-15. At this time in the civil action, the amount of damages that may or will be recovered is completely unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Security Consulting, LLC, 460 F.3d at 583. Therefore, because the defendants only speculate as to the amount of damages, removal is improper. As stated earlier, removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151. Here, doubts exist as to that jurisdiction. Accordingly, the plaintiff's motion is granted, and the case is remanded to the Circuit Court of Ohio County, West Virginia.[1]

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion to remand is GRANTED. Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

---

[1] The defendants are reminded, however, that should the case become removable within one year after commencement of the action, they may be able to again seek removal. See 28 U.S.C. § 1446(b)(3)(2012) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 11, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE